IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**             **RESPONDENT**

v.             No. 6:09-cr-60011
            No. 6:17-cv-06058

**TAMU WALKER**             **MOVANT**

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 51) filed herein by TAMU WALKER ("WALKER"), an inmate confined in the Federal Correctional Institution, Tallahassee, Florida. Counsel was appointed to represent WALKER in the instant motion. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1. Procedural Background**:

On July 28, 2009, WALKER was charged, along with a co-defendant, in a two-count indictment in the Western District of Arkansas with conspiracy to distribute cocaine base and with possessing with intent to distribute a substance containing cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 1. WALKER was named in both counts. On January 28, 2010, WALKER appeared before the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, for a change of plea hearing as to Count Two of the Indictment. ECF No. 30. Morse Gist, appointed counsel, represented WALKER. A written plea agreement, outlining the maximum penalties, was presented to the Court. ECF No. 31. Judge Dawson accepted the plea and ordered a Presentence Report ("PSR") prepared.

The final PSR was filed on October 28, 2010. ECF No. 42. The PSR found WALKER to be a career offender pursuant to United States Sentencing Guideline ("USSG") § 4B1.1. No objections were made to this finding. On October 28, 2010, at sentencing Judge Dawson considered the PSR and found WALKER to be a career offender. Because of her career offender status, her USSG range of punishment was determined to be 188-235 months imprisonment. WALKER was sentenced to 200 months imprisonment. ECF No. 43.

**2. Discussion**:

In the instant Motion, WALKER raises single issue: Whether one of her previous convictions was erroneous considered by the Court to be a "serious drug offense" for purposes of the application of § 4B1.1. Specifically, she claims a conviction from the Garland County Circuit Court was erroneously labeled a "delivery" conviction, when in fact it was a simple possession conviction and thus not a "serious drug offense under the career offender guideline. Her claim is based on *United States v. Mathis*, ____ U.S. ____, 136 S. Ct. 2243 (2016), which recognized that a prior conviction does not qualify as the generic form of a predicate felony if an element of the crime of conviction is broader than the generic offense. *See also, United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). WALKER requests the judgement be set aside in this case and that she be re-sentenced.

The Government has responded to the instant motion and states as follows:

> The United States agrees with Ms. Walker that a state conviction does not qualify as an enhancement under the Career Offender provision if it involves only "mere possession" of a controlled substance. Therefore, the Garland County Conviction, Case No. 98-39CC, does not qualify under U.S.S.G. § 4B1.2(b) as a conviction which enhances her sentence based upon the Career Offender provisions found in U.S.S.G. § 4B1.1.

ECF No. 54, p. 2-3. The Government joins in WALKER's request that she be re-sentenced.

**3. Conclusion**: Based on the Motion, the Response, and the case law discussed therein, it appears

WALKER was sentenced, in part based on the PSR which found her to be a career offender pursuant to USSG § 4B1.1. The Government concedes this finding was in error. WALKER's Motion should be granted and she should be brought back before the court for re-sentencing.

I also note that WALKER has been in custody, as a result of this case, since at least August 31, 2010, when she was arrested by federal law enforcement in the Western District of Missouri. ECF No. 40. This is a period of approximately 82 months. According to WALKER's calculation, her USSG range of imprisonment, had she not been found to be a career offender, would have been 70-84 months imprisonment. I also note the maximum statutory penalty in this case was 40 years imprisonment at the time of the offense. *See* 21 U.S.C. § 841(b)(l)(B)(iii) (2010). While WALKER's current term of incarceration is certainly within the statutory maximum, she may very well be entitled to a greatly shortened sentence, including the possibility of release.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 51) be **GRANTED**, the judgment herein be vacated, and WALKER be re-sentenced by this Court.

I also recommend, should the Court determine a new sentencing hearing be necessary, that such hearing for re-sentencing be set as quickly as possible.

**The parties have waived filing written objections pursuant to 28 U.S.C. § 636(b)(1). And this matter is ready for decision.**

**IT IS SO ORDERED** this **14th day of July 2017.**

/s/ *Barry A. Bryant*
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE